IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL D. GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | 7:16CV5000 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of a final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner"), wherein the Commissioner denied the plaintiff, Angel D. Garcia's ("plaintiff" or "Garcia") request for disability insurance benefits. After review of the parties' briefs, the record, and the applicable law, the Court finds that the Commissioner's decision should be affirmed.

**BACKGROUND**

On October 12, 2012, plaintiff "filed an application for disability benefits under the [Social Security Act]." (Filing No. 1 at 2). Plaintiff's application was denied at the initial and reconsideration levels by the Commissioner (*Id.*). Plaintiff sought and was granted a hearing in front of an Administrative Law Judge ("ALJ") (*Id.*). The ALJ held a hearing on June 17, 2014 (*Id.*). On September 18, 2014, the ALJ denied

Garcia's application for benefits (*Id.*).  On January 12, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's decision and stated that the ALJ's "decision is the final decision of the Commissioner . . . ."  (Filing No. 9-2 at 1).

On March 14, 2016, plaintiff filed the instant action in accordance with 42 U.S.C. § 405(g) (Filing No. 1).  The parties filed their briefs in accordance with the Court's June 29, 2016, order setting the briefing schedule (Filing No. 14); *see also* Filing Nos. 15-19.

**STANDARD OF REVIEW**

The Commissioner's decision will be affirmed "if the record contains substantial evidence to support it."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001) (internal marks and cite omitted).  "In determining whether existing evidence is substantial, [a court should] consider evidence that detracts from the Commissioner's decision as well as evidence that supports it."  *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001) (internal citation omitted).  If the record reveals substantial evidence supporting the Commissioner's decision, then that decision should not be reversed merely

because "substantial evidence exists in the record that would have supported a contrary outcome." *Hutsell*, 259 F.3d at 711. In other words, "[a court] may not reverse simply because [a court] would have decided differently or because substantial evidence supports a contrary outcome." *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). Finally, the claimant "bears the burden of proving disability." *Teague v. Astrue*, 638 F.3d 611, 615 (8th Cir. 2011).

**DISCUSSION**

Plaintiff alleges two errors on the part of the ALJ require the Court to "reverse the final agency decision and enter judgment" or alternatively "reverse the ALJ's decision and remand th[e] matter for further proceedings." (Filing No. 17 at 25). Plaintiff first argues that the ALJ failed to provide good reasons supported by substantial evidence for not assigning the opinions of Garcia's treating physicians, Dr. Charging Thunder and Dr. Kader, at least substantial weight (*Id.* at 18). The Court's review of the record reveals that this argument lacks merit. The ALJ accorded "the opinions of Dr. Charging Thunder partial weight." (Filing No. 9-2 at 29). The ALJ explained that he did "not agree with Dr. Charging Thunder's conclusory statement that the claimant could not perform full time [sic]

work" because the "medical evidence support[ed] a finding that [Garcia] could perform full time [sic] competitive work . . . ." (*Id.*). The ALJ likewise accorded Dr. Kader "partial weight." (*Id.* at 30). The ALJ specifically noted "Dr. Kader's opinions are not consistent with the treatment notes in the record." (*Id.*).

Generally, "[a] treating physician's opinion is given controlling weight 'if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence.'" *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007) (quoting *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005)). The United States Court of Appeals for the Eighth Circuit has specifically determined that a treating physician's opinion is not entitled to special weight when "the treating physician evidence itself is inconsistent." *House*, 500 F.3d at 744 (internal marks and cite omitted). The Court is satisfied that the ALJ's determinations to assign Garcia's treating physicians partial, as opposed to controlling or substantial weight, are supported by the record's substantial evidence.

Plaintiff further alleges the ALJ failed to make an individualized function-by-function assessment of plaintiff's residual function capacity ("RFC") by not considering Garcia's

-4-

need for frequent absences from work (Filing No. 17 at 22). Although the heading in plaintiff's brief states that this argument is premised on Garcia's seizures, the remaining sentences, paragraphs, pages, and illustrative chart fail to mention anything regarding seizures. *See id.* at 22-25. Notwithstanding the confusion contained in plaintiff's brief, the Court is satisfied that the ALJ's determination regarding Garcia's RFC is supported by substantial evidence from the record as a whole. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001) ("It is the claimant's burden . . . to prove the claimant's RFC . . . [but] [i]t is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence . . . ."). Therefore, the Court finds the ALJ's determinations to be supported by substantial evidence. Accordingly, the Court will affirm the Commissioner's decision. A separate order will be issued in accordance with this memorandum opinion.

DATED this 24th day of January, 2017.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court